# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SARAH GORDON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>        Defendant. | Case No.: 20-cv-1416<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Sarah Gordon is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency with its principal offices located at 8014 Bayberry Road, Jacksonville, Florida 32256.

6. ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ERC is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. ERC is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

9. On or around February 19, 2020, Defendant mailed a debt collection letter to Plaintiff Gordon regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

10. Upon information and belief, the alleged debt referenced in <u>Exhibit A</u> was incurred for personal, family, or household purposes, namely household energy utility services.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to the alleged debt inserted by the computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

13. The header in <u>Exhibit A</u> states:

> February 19, 2020
> **Creditor:** WEC Energy Group
> **Original Creditor:** We Energies Utilities
> **Account Number:** XXXXXX7545
> **Amount of Debt:** $179.42
> **Reference Number:** ▊7963

14. <u>Exhibit A</u> also contains the following:

> Our records indicate that your balance with WEC Energy Group remains unpaid; therefore your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $134.57.

2

Case 2:20-cv-01416-SCD    Filed 09/10/20    Page 2 of 11    Document 1

15. <u>Exhibit A</u> is confusing and misleading as the character and legal status of the alleged debt referenced in <u>Exhibit A</u>.

16. <u>Exhibit A</u> states that the "Creditor" is "WEC Energy Group," that the "balance with WEC Energy Group remains unpaid," and that the "Original Creditor" is "We Energies Utilities."

17. <u>Exhibit A</u> does not describe the relationship between the "Creditor: WEC Energy Group," and the "Original Creditor: We Energies Utilities."

18. The unsophisticated consumer understands that debts are freely assignable and would assume that We Energies Utilities had assigned the debt to a third-party purchaser of distressed utilities debts named "WEC Energy Group."

19. In fact, WEC Energy Group Inc. is a utility provider and the parent company of We Energies Utilities.

20. The unsophisticated consumer would not understand that the "Original Creditor" and "Creditor" entities in <u>Exhibit A</u> were actually the same creditor and would think that the debt had been sold to a third-party debt buyer when it had not.

21. The misrepresentation that a debt has been assigned to a third-party debt buyer is a material false statement about the character and legal status of the account.

22. A debt collector must *clearly* identify the relationship between the debt and its creditor:

> If the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

23. "*Clear* identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments." *Taylor*, 2018 U.S.

3

Dist. LEXIS 159862, at *5-6 (S.D. Ind. Sept. 19, 2018) (citing *Janetos*, 825 F.3d at 319 and *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *4).

24. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by*, 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

25. Moreover, <u>Exhibit A</u> states that the "payoff amount" is $134.57.

26. The reference to a "payoff amount" of $134.57 is confusing and misleading.

27. The normal meaning of the term "payoff amount" is the amount a consumer must pay to satisfy the debt in full. *See*, https://www.consumerfinance.gov/ask-cfpb/what-is-a-payoff-amount-is-my-payoff-amount-the-same-as-my-current-balance-en-205/ ("Your payoff amount is

4

how much you will actually have to pay to **satisfy the terms of your mortgage loan and completely pay off your debt.**") (emphasis added).

28. In contrast, the normal meaning of "settling" a debt is that the debt is permanently resolved in exchange for a payment of a portion, usually a percentage, of the alleged balance.

29. The use of "payoff amount" to refer to a settlement offer amount in Exhibit A is especially confusing because Exhibit A also contains the following:

> This serves as notice to you that ERC® has been authorized to report your delinquent account to the national credit bureaus when allowed by applicable law.

30. On the face of Exhibit A, it is unclear what will happen if the consumer makes a payment of the "payoff amount."

31. The reference to the "payoff amount" suggests that the debt would be treated as though it had been paid in full.

32. It is impossible to determine whether Defendant, or the creditor, could, or would, continue to report the "resolved" debt to consumer reporting agencies as "settled in full" or "paid in full." *See, e.g., Knight v. Midland Credit Mgmt.*, 755 Fed. Appx. 170, 175-76 (3d Cir. 2018).

33. In credit reporting, a formerly delinquent account that is designated "paid in full" has a less-negative impact on the consumer's "creditworthiness" than the same account designated "settled in full for less than the full balance," with all other variables being equal.

34. The consequences of misleading a consumer as to whether the account would be reported as "paid in full" or "settled in full" is material to the unsophisticated consumer "because it may affect whether a debtor makes a payment and which option he or she chooses." *Knight*, 755 Fed. Appx. at 176.

35. Whether and how the debt would be credit reported is, by definition, a material term of a settlement offer and must be communicated clearly and effectively. *E.g., Nichols v. Northland*

*Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Al v. Van Ru Credit Corp.*, 2018 U.S. Dist. LEXIS 70321, at *7-8 (E.D. Wis. Apr. 26, 2018) (discussing settlement offers and observing that, "Where the FDCPA requires clarity … ambiguity itself can prove a violation.") (quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87 (7th Cir. 2017)); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist. LEXIS 18184, at *10-11 (E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments potentially violated the FDCPA), *cross motions for summary judgment denied by, Dixon v. Scott*, 2018 U.S. Dist. LEXIS 133076.

36. Plaintiff read <u>Exhibit A</u>.

37. Plaintiff was confused and misled by <u>Exhibit A</u>.

38. The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

### ***The FDCPA***

39. The FDCPA creates both substantive and procedural rights for consumers, and violations of those rights risk harm to concrete interests that the FDCPA protects. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678,

2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

40. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

41. Misrepresentations of the character, amount or legal status of any debt, including misrepresentations relating to credit reporting or settlement of an alleged debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had

8

standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

42. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. 15 U.S.C. § 1692e(2) specifically prohibits any "false representation of the character, amount, or legal status of any debt."

44. 15 U.S.C. § 1692e(8) specifically prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

45. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

46. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. <u>Exhibit A</u> is confusing and misleading as to the name of the creditor and the character and legal status of the alleged debt.

49. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

## COUNT II – FDCPA

50. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51. <u>Exhibit A</u> includes a settlement offer that is confusing and misleading as to how Defendant will credit report the "resolution."

52. Defendant violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), 1692f.

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a proposed class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect an alleged debt incurred for personal, family, or household purposes, (d) between September 10, 2019 and September 10, 2020, inclusive, (e) where neither letter was not returned by the postal service.

54. The class is so numerous that joinder is impracticable.

55. Upon information and belief, there are more than 50 members of the class.

56. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

57. Plaintiff's claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

59. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

60. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 10, 2020

**ADEMI LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com